VARNUM (BURTON v.). See Case No. 2,-220.

## Case No. 16,887.

VARNUM et al. v. CAMPBELL et al.

· [1 McLean, 313.] ¹

Circuit Court, D. Indiana. May Term, 1838.

PLEADING AT LAW—ACTION AGAINST PARTNERSHIP —EVIDENCE.

1. If two pleas are filed substantially the same. the court, on motion, will order the last one to be stricken out, as improperly incumbering the record.

[Cited in Wilkinson v. Pomeroy, Case No. 17,674.]

2. The names of the firm must be proved, but where some evidence has been given on the point. the court will leave the evidence with the jury.

[This was an action by Varnum, Fuller & Co. against William H. Campbell and J. S. Campbell on a promissory note.]

McLEAN, Circuit Justice. This action was brought on a promissory note executed in New York. The defendants pleaded non-assumpsit, and J. S. Campbell filed a separate plea, which averred that· he did not sign the note.

The plaintiffs' counsel moved to reject the plea on the grounds: (1) Because it could be of no avail except as denying the execution of the note, and that cannot be done unless the plea were sworn to; (2) because the plea is by one defendant, and the other by both; (3) the plea amounts to the general issue.

The last objection is sufficient. It is in fact the general issue, as to one of the defendants, which had been pleaded by them both. The court will not suffer the record to be incumbered by a repetition of pleas, which raise no ground of defence that may not be set up under pleas previously filed. It is clearly improper after defendants have pleaded jointly, for one of them to file a special plea. Defendants cannot plead jointly and severally in the same action.

The jury being sworn, the plaintiffs proved that they were partners and residents of New York, and·gave some evidence of their given names. They also proved that the defendants were partners, and that the note offered in evidence, was in the hand writing of William H. Campbell, one of the defendants. The defendants offered to prove a dissolution of their partnership, without specifying the time, or that notice was given to· the plaintiffs or the public; which was overruled by the court. And the court instructed the· jury, at the request of the defendants' counsel, that the firm of the plaintiffs must be proved; but as there had been some evidence on this point, they left it to the jury, and refused to instruct them the evidence was insufficient to prove the partnership.

Verdict for the plaintiffs and judgment.

¹ [Reported by Hon. John McLean, Circuit Justice.]